IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Senior Judge Zita L. Weinshienk

Civil Action No. 05-cv-00784-ZLW-PAC

ANDREA WOLFF-YAKUBOVICH,

    Plaintiff,

v.

AUTONATION, INC., and
JOHN ELWAY PONTIAC BUICK GMC SOUTH,

    Defendants.

## ORDER

    The matter before the Court is the Motion To Dismiss filed by Defendants Autonation, Inc. and John Elway Pontiac Buick GMC South.  The Court has reviewed the moving and responding papers and the applicable legal authority, and has determined that the matter can be decided based on the parties' papers.

    Defendants move to dismiss Plaintiff Plaintiff Andrea Wolff-Yakubovich's claims for sexual harassment and retaliation in violation of Title VII[1] pursuant to Fed. R. Civ. P. 12(b)(1), on the ground that this Court lacks subject matter jurisdiction over those claims.  Specifically, Defendants assert that Plaintiff failed to exhaust her administrative remedies as to her sexual harassment and retaliation claims because

---

[1] 42 U.S.C. § 2000e *et seq.*

she did not allege sexual harassment or retaliation in her Equal Employment Opportunity Commission Charge of Discrimination.

Before bringing suit under Title VII, a plaintiff must exhaust his or her administrative remedies by filing an administrative charge with he EEOC.[2] Claims of discrimination can be included in the federal action only if they are alleged in the EEOC charge or are reasonably related to those allegations.[3] Further, judicial consideration of claims "not expressly included in an EEOC charge is appropriate where the conduct alleged would fall within the scope of an EEOC investigation which would reasonably grow out of the charges actually made."[4] A liberal reading of Plaintiff's EEOC charge and supplemental narrative statement reasonably would have, and apparently did, lead to an investigation into alleged sexual harassment.[5] Further, Plaintiff's retaliation claim asserts that she was retaliated against by Defendant for reporting Defendant's disparate treatment of female employees. This alleged conduct reasonably would fall within the scope of an investigation of Plaintiff's

---

[2] Simms v. Oklahoma Dept. of Mental Health and Substance Abuse Servs., 165 F.3d 1321, 1326 (10th Cir. 1999).

[3] See id. at 1326-27.

[4] Martin v. Nannie and the Newborns, Inc., 3 F.3d 1410, 1416 n. 7 (10th Cir. 1993), *overruling on other grounds recognized by* Davidson v. America Online, Inc., 337 F.3d 1179, 1184-85 (10th Cir. 2003); see also Mitchell v. City and County of Denver, No. 02-1263, 2004 WL 2287756 (10th Cir. Oct. 12, 2004), 112 Fed. Appx. 662, 666-67 (10th Cir. 2004).

[5] See Plaintiff's Exh. 1 at p. 1, Exh. 2, Exh. 3 at p. 3, Exh. 4 at p. 2.

sex discrimination charge.  Therefore, Plaintiff exhausted her administrative remedies as to her sexual harassment and retaliation claims, and dismissal of those claims is not warranted based on a failure to exhaust administrative remedies.  Accordingly, it is

ORDERED that Defendants' Motion To Dismiss is denied.  It is

FURTHER ORDERED that the hearing previously set for September 13, 2005, is vacated.

DATED at Denver, Colorado, this   10   day of August, 2005.

BY THE COURT:


S/ Zita L. Weinshienk
_____
ZITA L. WEINSHIENK,  Senior Judge
United States District Court