IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 05-cv-00784-ZLW-PAC

ANDREA WOLFF-YAKUBOVICH,

    Plaintiff(s),

v.

AUTONATION, INC., and
JOHN ELWAY PONTIAC BUICK GMC SOUTH,

    Defendant(s).

FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO

DEC 1 5 2005

GREGORY C. LANGHAM
CLERK

## MINUTE ORDER

**ORDER ENTERED BY MAGISTRATE JUDGE PATRICIA A. COAN**

IT IS HEREBY **ORDERED** that the attached Stipulated Protective Order is made an Order of the Court this date.

Dated: December 15, 2005

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 05-cv-0784-ZLW-PAC

ANDREA WOLFF-YAKUBOVICH,

    Plaintiff,

v.

AUTONATION, INC, and
JOHN ELWAY PONTIAC BUICK GMC SOUTH,

    Defendants.

---

## STIPULATED PROTECTIVE ORDER
## CONCERNING CONFIDENTIAL INFORMATION

---

THIS MATTER having come before the Court on the stipulation of parties, by and through their respective counsel, concerning the production of certain documents in this action, and the Court being fully advised, enters the following Protective Order under FED. R. CIV. P. 26(c):

    1.    This Protective Order shall apply to all documents, materials, and information, including without limitation, documents produced, answers to interrogatories, responses to requests for admission, deposition testimony, and other information disclosed pursuant to the disclosure or discovery duties created by the Federal Rules of Civil Procedure and designated as "Confidential" pursuant to the terms of this Protective Order.

    2.    As used in this Protective Order, "document" is defined as provided in Fed.R.Civ.P. 34(a). A draft or non-identical copy is a separate document within the meaning of this term.

1

3.  Information designated "CONFIDENTIAL" shall be defined as: (a) documents and information produced by AutoNation, Inc. and/or John Elway Pontiac Buick GMC South, ("Defendants"), or any of Defendants' agents or representatives, when designated as "confidential" as provided herein, concerning confidential or proprietary business information or confidential information regarding current or former employees of Defendants, including confidential personnel or personnel-related documents or internal memoranda, and (b) documents and information produced by or obtained through releases produced by Plaintiff, concerning individual medical, financial and/or tax records, shall also be treated as confidential.

4.  CONFIDENTIAL information shall be used solely for the purpose of prosecution or defense of this action, and such documents may be used, consistently with the terms of this Order, and, without limitation, in pretrial discovery and at the trial or preparation for trial and any appeal of this action. The use of Confidential Information at trial or at depositions shall not be deemed a waiver of the protections of this Order, and the parties and their attorneys shall be required to comply with the terms of this Order other than in the presentation of evidence at trial.

5.  CONFIDENTIAL documents, materials, and/or information (collectively "CONFIDENTIAL information") shall not, without the consent of the party producing it or further Order of the Court, be disclosed *except that* such information may be disclosed to:

   (a) attorneys actively working on this case;

   (b) persons regularly employed or associated with the attorneys actively working on the case whose assistance is required by said attorneys in the preparation for trial, at trial, or at other proceedings in this case;

2

    (c) the parties and designated representatives for the entity Defendants;

    (d) expert witnesses and consultants retained in connection with this proceeding, to the extent such disclosure is necessary for preparation, trial or other proceedings in this case;

    (e) the Court and its employees ("Court Personnel");

    (f) stenographic reporters who are engaged in proceedings necessarily incident to the conduct of this action;

    (g) deponents, witnesses, or potential witnesses; and

    (h) other persons by written agreement of the parties.

  6.  Prior to disclosing any CONFIDENTIAL information to any person listed above (other than counsel, the parties, designated representatives for the entity Defendants, persons employed by counsel, Court Personnel and stenographic reporters), counsel shall provide such person with a copy of this Protective Order and obtain verbal or written agreement from such person that he or she will be bound by its provisions.

  7.  Documents are designated as CONFIDENTIAL by placing or affixing on them (in a manner that will not interfere with their legibility) the following or other appropriate notice: "CONFIDENTIAL."

  8.  Whenever a deposition involves the disclosure of CONFIDENTIAL information, the deposition or portions thereof shall be designated as CONFIDENTIAL and shall be subject to the provisions of this Protective Order. Such designation shall be made on the record during the deposition whenever possible, but a party may designate portions of depositions as CONFIDENTIAL after transcription, provided written notice of the designation is promptly

given to all counsel of record within thirty (30) days after notice by the court reporter of the completion of the transcript.

9. To the extent that any filing with the Court would reveal or tend to reveal any Confidential Information protected by this Order, any such Confidential Information shall be filed separately under seal, with a copy of this Order attached thereto, in compliance with D.C.COLO.LCivR 7.3.

10. A party may object to the designation of particular CONFIDENTIAL information by giving written notice to the party designating the disputed information. The written notice shall identify the information to which the objection is made. If the parties cannot resolve the objection within ten (10) business days after the time the notice is received, it shall be the obligation of the party designating the information as CONFIDENTIAL to file an appropriate motion requesting that the Court determine whether the disputed information should be subject to the terms of this Protective Order within fifteen (15) days of the aforementioned notice. If such a motion is timely filed, the disputed information shall be treated as CONFIDENTIAL under the terms of this Protective Order until the Court rules on the motion. If the designating party fails to file such a motion within the prescribed time, the disputed information shall lose its designation as CONFIDENTIAL and shall not thereafter be treated as CONFIDENTIAL in accordance with this Protective Order. In connection with a motion filed under this provision, the party designating the information as CONFIDENTIAL shall bear the burden of establishing that good cause exists for the disputed information to be treated as CONFIDENTIAL.

11. The terms of this Protective Order shall survive the termination of this action, and all protections of this Protective Order shall remain in full effect in perpetuity.

4

12. This Protective Order may be modified by the Court at any time for good cause shown following notice to all parties and an opportunity for them to be heard.

STIPULATED TO AND APPROVED AS TO FORM this 30th day of November 2005.

| | |
|---|---|
| s/Mari Newman | s/Kimberley Dempster Neilio |
| Darold Killmer | John M. Husband, P.C. |
| Mari Newman | Kimberley Dempster Neilio |
| KILLMER, LANE & NEWMAN, LLP | Holland & Hart, LLP |
| 1543 Champa Street, Suite 400 | 555 17th Street, Suite 3200 |
| Denver, CO 80202 | Denver, CO 80202 |
| (303) 571-1000 | (303) 295-8000 |
| | |
| *Attorneys for Plaintiff* | *Attorneys for Defendants* |

DONE AND ORDERED this 15th day of December 2005.

BY THE COURT:

s/ PATRICIA A. COAN
PATRICIA A. COAN
MAGISTRATE JUDGE

3482010_1.DOC

5